Per Curiam.

The communication calls to our attention a news article published in a local newspaper on April 6, 1950, which, according to the communication, stated in substance that ‘1 Judge Matthew J. Troy, at the Idlewild Airport, led a picket line of people carrying offensive placards, in order to heckle the head of a foreign government who came here on a friendly visit.” The picketing referred to took place on the occasion of the arrival of Sir Basil Brooke, Prime Minister of Northern Ireland, at the airport, on his recent visit to this country.
This court has before it a written statement by Justice Trot as to the occurrence complained of, and Justice Trot has appeared personally before the Justices of this court, and has informed us of his activities on that occasion. We are satisfied, from Justice Trot’s statements, that, while he was personally present and was a member, and an officer, of one of the organizations represented in the demonstration, he neither led a picket line, acted as a picket, nor did he direct others to take part in such activities. Justice Trot states that his presence at that and other demonstrations was occasioned by his desire to be sure that such demonstrations would be conducted in an orderly and lawful manner.
We must, however, recognize that Justice Trot’s presence on that occasion was the subject of public attention, and that, while his purpose in attending was misconstrued, his presence may have given rise to a reasonable belief that he actively participated in the demonstration and had used the prestige of his office to further its purposes.
We recognize, of course, that a judge has the right to entertain his personal views on controversial issues, and that he is not required to surrender his rights or opinions as a citizen. The assumption of judicial office, however, casts upon the incumbent duties in respect to his personal conduct not imposed upon him as a citizen. He should refrain from participation in activities which may tend to lessen public respect for his judicial office, and avoid conduct which may give rise to a reasonable belief that he has so participated. It is our opinion that active participation by a judge in a public demonstration of the nature described in the communication would tend to lessen public respect for the judiciary and that conduct which might be interpreted as such participation should be avoided,
*118 However, we find in Justice Troy's conduct no cause for disciplinary action.
Nolan, P. J., Carswell, Johnston, Adel, Sneed, Wenzel and Mao Crate, JJ., concur.
The court finds in Justice Troy's conduct no cause for disciplinary action.